Mr. Justice Clayton
delivered the opinion of the court.
In 1840 a bill was filed in the superior court of chancery, by Abram Hart against the Planters’ Bank of Mississippi, William C. Richards, and Harriet Wooster, to obtain the foreclosure of a mortgage, executed by said Harriet. This bill was dismissed in May, 1842, on account of the failure of the complainant to give security for costs, as required by a previous order of the court.
This appears to have been regarded as a final disposition of the cause, until March, 1846, when a petition was filed by the appellee, W. C. Richards, stating that he" had been appointed *200 receiver in the above stated case in December, 1840, and had acted as such until the last of the year 1842, or the first of 1843.
It also states, that the appellant, H. R. W. Hill, about that time, purchased the interest both of Mrs. Wooster and of the Planters’ Bank, in the mortgaged property; that Richards delivered the property to him, without receiving any compensation as receiver, and prays the court for an order allowing him compensation. A notice was given to William Yerger, that a motion would be made to the chancellor for an execution against Hill, for the salary of Richards as receiver, and Yerger, as counsel for Hill, appeared and opposed the order.
The motion was sustained by the court, and the sum of $1000 directed to be paid to him out of the fund in the cause. This order was made on the 20th of March, 1846. After-wards, on the 16th of June, 1846, another petition was filed, which states that Hill had declined to pay the allowance, and. prays for an order that unless Hill should pay the amount in ten *aays, that the sheriff should seize and sell so much of the property as would satisfy said sum. This order was made by the chancellor, and the matter brought thence by appeal to this court.
A petition, in many respects, very nearly resembles a motion, and there seems to be no precise or positive boundaries between them. But petitions are usually resorted to when a fuller statement is required than can be conveniently contained in a notice of motion. Yet either the one or the other is proper, only when a cause is pending, or in a matter over which the court of chancery has jurisdiction under some special authority created by statute, and in which the statute directs that the jurisdiction created, shall be exercised in a summary manner upon petition. 1 Smith, Ch. Pr. 70; 3 Daniel, Ch. Pr. 1801, 2076.
In this instance there is no statute creating any special jurisdiction in the court; the propriety of the proceeding must, therefore, be determined by general principles.
After the dismissal of the bill in, 1842, the original cause was no longer in court, the parties were no longer before it, and'its *201 jurisdiction was at an end. This proceeding is not between the original parties, but between the receiver in the cause, and a •purchaser of the estate. When the receiver gave up the property, and relinquished his trust, when the suit was dismissed, and the fund withdrawn from the court, it had no power again to interpose upon petition.
The first order made by the chancellor was, that the receiver should be paid out of the fund. But there was then no fund in the court, nor any of the original parties before it. Its jurisdiction was at an end. The subsequent order to compel compliance by execution, was equally beyond its power. It could not proceed by petition after the original suit was disposed of. Whether the receiver would have been entitled to relief upon bill filed, or whether a court of law alone had cognizance of his rights, we are not now called on to decide.
The decree is reversed, and the petition dismissed.